## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| Plaintiff, | § | Civil Action No. 4:20-cv-01678 |
| | § | |
| v. | § | |
| | § | |
| YAHYA ALGHAFIR, TEXAS COMMUNICATION & TECHNOLOGY LLC, SHENZHEN JIEMAO TECHNOLOGY CO., LTD., and SHENZHEN STREET CAT TECHNOLOGY CO., LTD., individually and together d/b/a Super Arab IPTV, | § | |
| Defendants. | § | |

### Plaintiff's Motion for Extension of Time to Serve and Alternative Service on Defendants Shenzhen Jiemao Technology Co., Ltd. and Shenzhen Street Cat Technology Co., Ltd.

In accordance with Federal Rules of Civil Procedure 4(f), 4(h), 4(m), and 6(b), Plaintiff DISH Network L.L.C. ("DISH") requests a 90-day extension of time to serve process on Defendants Shenzhen Jiemao Technology Co., Ltd. ("Jiemao") and Shenzhen Street Cat Technology Co., Ltd. ("Street Cat") or, alternatively, to serve Jiemao and Street Cat by email.

## I.    INTRODUCTION

DISH brought this suit against Defendants on May 13, 2020 based on their pirate television service that perpetrates and facilitates copyright infringement on a massive scale through the unauthorized copying, digital streaming, and distribution of foreign television channels and programs in the United States.  (Dkt. 1, Compl. ¶¶ 1, 18-58.)  Defendants' wrongful acts infringe DISH's exclusive rights to domestically distribute and publicly perform the television programming that airs on the channels (the "Protected Channels").  (*Id.* ¶¶ 14-39.)  Defendants have

1

established a pirate broadcasting network that, without any authorization, captures and transmits the programming on the Protected Channels over the Internet to users of Defendants' set-top boxes in the United States.  (*Id.* ¶¶ 33-34.)

Defendants Yahya Alghafir ("Alghafir") and Texas Communication & Technology LLC ("TCT") were served with summons, the Complaint, and the Order for Conference (Dkt. 5) on June 10, 2020.  (Dkts. 9-10.)  On July 14, 2020, DISH filed an application for Clerk's entry of default against Alghafir and TCT.  (Dkt. 12.)

Jiemao and Street Cat are China limited liability companies.  (Dkt. 1 ¶¶ 6-7.) As such, Jiemao and Street Cat are to be served through the Hague Convention.  On May 21, 2020 and July 2, 2020, DISH sent the summons, Complaint, and Order for Conference (Dkt. 5) to the Central Authority of China for service on Jiemao and Street Cat.  (Declaration of Stephen M. Ferguson ["Ferguson Decl."] ¶ 2.)  The Central Authority of China received Jiemao's and Street Cat's service materials on May 26, 2020 and July 6, 2020.  (*Id.* ¶ 3, Ex. 2.)  DISH requests an additional 90 days, or until November 9, 2020[1] for service to be completed on Jiemao and Street Cat through the Hague Convention.  If Jiemao and Street Cat have not been served by that date, DISH asks that the Court authorize service on them by email.

## II.     ARGUMENT & AUTHORITIES

### A.     There is good cause to extend the August 11 service deadline.

Federal Rule of Civil Procedure 4(m) requires the Court to extend the time for service if DISH shows good cause.  *Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996) (noting that if good cause is shown, courts "shall extend the time for service for an appropriate period") (quoting Fed. R. Civ. P. 4(m)).  To establish good cause, DISH need only demonstrate "as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or

---

[1] At this time, Jiemao and Street Cat are to be served by August 11, 2020 pursuant to Fed. R. Civ. P. 4(m).

ignorance of the rules usually do not suffice."  *Id.*  Even in the absence of good cause, a district court has discretion to extend the time for service of process. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)).

Good cause exists to allot an additional 90 days to serve Jiemao and Street Cat.  According to the Hague Conference on Private International Law, the Central Authority of China can take three to four months to serve Chinese defendants through the Hague Convention.  (Ferguson Decl. ¶ 2, Ex. 1 at 1.)

Here, the Central Authority of China received Jiemao's and Street Cat's service materials on May 26, 2020 and July 6, 2020.[2]  (*Id.* ¶ 3, Ex. 2.)  DISH's proposed extension to November 9, 2020 is approximately four months from the latter date.  Accordingly, a 90 day extension is reasonable.  *See Interocean Trade & Transp., Inc. v. Shanghai AnTong Int'l Freight Agency Co. Ltd.*, No. 13-0176-CV-W-REL, 2014 WL 4983493, at *1 (W.D. Mo. Oct. 4, 2014); *High Tech Pet Prods., Inc. v. Juxin Pet Prod. Co., Ltd.*, No. 1:10-cv-00547 LJO GSA, 2013 WL 1281619, at *1 (E.D. Cal. Mar. 27, 2013); *see also Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 479-80 (S.D. Tex. 1995) (granting plaintiff 60 days to submit service documents to Norwegian central authority, and an additional 180 days for the Norwegian authority to effect service); *In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("Once documents have been properly transmitted to a Hague Convention Central Authority, the period for completion of service of process may be extended, as the timing of service is out of a plaintiff's control.") (internal quotation marks omitted).

---

[2] The documents were sent to the Central Authority of China a second time because the initial payments were refunded on or about July 1, 2020.

### B.     Service by email is warranted.

DISH made a reasonable and good faith attempt to serve Jiemao and Street Cat through the Hague Convention.  (*See* Section I., *supra*.)  In the event that Jiemao and Street Cat have not been served by November 9, 2020, DISH should be authorized to serve them by email at *superarabiptv@hotmail.com* and *szstreetcat@foxmail.com*.    Jiemao provided three responses to notices of infringement using the *superarabiptv@hotmail.com* email address.  (Ferguson Decl. ¶ 4, Ex. 3; *see also* Dkt. 1 ¶¶ 25, 29.)  Street Cat provided fourteen responses to notices of infringement using the *szstreetcat@foxmail.com* email address. (Ferguson Decl. ¶ 5, Ex. 4; *see also* Dkt. 1 ¶¶ 30-32.)

Federal Rule of Civil Procedure 4(f)(3) authorizes a court to permit service on a foreign defendant "by other means not prohibited by international agreement, as the court orders."  *See* Fed. R. Civ. P. 4(f)(3).  "The decision to allow alternative methods of service under Rule 4(f)(3) is committed to the court's sound discretion." *Nabulsi v. Nahyan,* No. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).  "The Fifth Circuit has not addressed the standard for ordering alternate service pursuant to Rule 4(f)(3)."  *West v. Rieth,* No. 15-cv-2512, 2016 WL 195945, at *2 (E.D. La. Jan. 15, 2016).

Most courts authorize service by email provided that it: (1) is not prohibited by international agreement; and (2) comports with due process.  *Nabulsi,* 2007 WL 2964817, at *4 (citing *Rio Props.,* 284 F.3d at 1016).   Due process is satisfied if email service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Finally, some courts also require plaintiffs to show "that they have reasonably attempted to effectuate service on defendant and that the

circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile." *Id.* Serving Jiemao and Street Cat through the email addresses that they used to respond to notices of infringement fits the necessities of this case and satisfies these requirements.

Serving Chinese defendants like Jiemao and Street Cat by email does not violate the Hague Convention or due process. *See D.light Design, Inc. v. Boxin Solar Co., Ltd.,* No. 13-cv-05988-EMC, 2015 WL 7731781, at *3 (N.D. Cal. Dec. 1, 2015) (allowing plaintiff to serve Chinese defendant by email ); *Sulzer Mixpac AG v. Medenstar Indus., Co. Ltd.,* No. 15 Civ. 1668 (JSR), 2015 WL 7687467, at *3 (S.D.N.Y. Nov. 27, 2015) (same); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC,* 291 F.R.D. 172, 175 (S.D. Ohio 2013) (same); *Chanel, Inc. v. Xu,* No. 2:09-cv-02610-cgc, 2010 WL 396357, at *5 (W.D. Tenn. Jan. 27, 2010) (same); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.,* No. 08-cv-2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008).

In *Sulzer,* the plaintiff submitted its service packet to the Central Authority of China in March 2015. *Sulzer,* 2015 WL 7687467, at *1. In November 2015, the Central Authority informed the plaintiff that its service request was still pending. *Id.* The plaintiff then moved for leave to serve the Chinese defendant by an email address listed on the defendant's website. *Id.* The court granted the plaintiff's request, noting that the defendant "presumably relies at least partially on contact through [the email address listed on its website] to conduct business, and it is reasonable to expect [the defendant] to learn of the suit against it through this email address." *Id.* at *3. The Court should do the same and allow DISH to serve Jiemao and Street Cat by email.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant DISH a 90 day extension, or until November 9, 2020, to serve Jiemao and Street Cat through the Hague Convention.  If service is not accomplished by this date, the Court should authorize DISH to serve Jiemao and Street Cat by email at *superarabiptv@hotmail.com* and *szstreetcat@foxmail.com*.

Dated:  August 11, 2020                    Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**