# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> YAHYA ALGHAFIR, TEXAS COMMUNICATION & TECHNOLOGY LLC, SHENZHEN JIEMAO TECHNOLOGY CO., LTD., and SHENZHEN STREET CAT TECHNOLOGY CO., LTD., individually and together d/b/a Super Arab IPTV, <br><br> Defendants. | Civil Action No. 4:20-cv-01678 |

### Plaintiff's Motion for Alternative Service on Defendants Shenzhen Jiemao Technology Co., Ltd. and Shenzhen Street Cat Technology Co., Ltd.

In accordance with Federal Rules of Civil Procedure 4(f) and 4(h), Plaintiff DISH Network L.L.C. ("DISH") requests to serve process on Defendants Shenzhen Jiemao Technology Co., Ltd. ("Jiemao") and Shenzhen Street Cat Technology Co., Ltd. ("Street Cat") by email at the addresses they used to receive and respond to DISH's notices of copyright infringement.

## I.   INTRODUCTION

DISH brought this suit against Defendants on May 13, 2020 based on their pirate television service that perpetrates and facilitates copyright infringement on a massive scale through the unauthorized copying, digital streaming, and distribution of foreign television channels and programs in the United States.[1]  (Dkt. 1, Compl.

---

[1] On August 18, 2020, the Court granted DISH's motion for extension of time to serve Jiemao and Street Cat, providing DISH until November 20, 2020 to serve them. (Dkt. 15.)

1

¶¶ 1, 18-58.) Defendants' wrongful acts infringe DISH's exclusive rights to domestically distribute and publicly perform the television programming that airs on the channels (the "Protected Channels"). (*Id.* ¶¶ 14-39.) Defendants have established their pirate television service that, without any authorization, captures and transmits the programming on the Protected Channels over the Internet to users of Defendants' set-top boxes in the United States. (*Id.* ¶¶ 33-34.)

Defendants Yahya Alghafir ("Alghafir") and Texas Communication & Technology LLC ("TCT") were served with summons, the Complaint, and the Order for Conference (Dkt. 5) on June 10, 2020. (Dkts. 9-10.) Alghafir and TCT have not responded to the Complaint and on July 14, 2020, DISH filed an application for Clerk's entry of default against them. (Dkt. 12.)

Jiemao and Street Cat are China limited liability companies. (Dkt. 1 ¶¶ 6-7.) As such, Jiemao and Street Cat are to be served through the Hague Convention. DISH obtained reports from a third party record service that obtained Jiemao and Street Cat's registered addresses from the official database of the relevant government departments. (Declaration of Stephen M. Ferguson ["Ferguson Decl."] ¶ 2, Exs. 1-2.) On May 21, 2020 and July 2, 2020, DISH sent the summons, Complaint, and Order for Conference (Dkt. 5) to the Central Authority of China for service on Jiemao and Street Cat at their registered addresses. (*Id.* ¶ 3, Ex. 3.) On October 9, 2020, DISH received confirmation from the Central Authority of China that Jiemao could not be served because "The address is not sufficient enough" and Street Cat could not be served because there was "No such company at the address provided." (*Id.* ¶ 4, Ex. 4.) The Central Authority of China confirmed that they could not do anything else to assist with service unless DISH provided a detailed address, preferably with a cellphone number. (*Id.* ¶ 5, Ex. 5.) DISH does not believe there are other reasonable means to identify alternate reliable addresses or cellphone numbers for Jiemao or Street Cat. (*Id.* ¶ 6.) DISH asks that the Court authorize

service on Jiemao and Street Cat at the email addresses they used to receive and respond to DISH's notices of copyright infringement. (*See id.* ¶¶ 7-8, Exs. 6-7.) This Court has previously granted two similar motions filed by DISH authorizing email service on Chinese defendants that were not timely served through the China Central Authority. (*Id.* ¶ 9, Exs. 8-9).

## II. ARGUMENT & AUTHORITIES

DISH made a reasonable and good faith attempt to serve Jiemao and Street Cat through the Hague Convention at their registered addresses. (*See* Section I., *supra*.) The China Central Authority did not serve Jiemao and Street Cat at their registered addresses, alleging the address for Jiemao was not sufficient and Street Cat was not at the address. (Ferguson Decl. ¶ 4, Ex. 4.) DISH does not have other reasonable means to identify the addresses of Jiemao and Street Cat. (*See id.* ¶¶ 5-6, Ex. 5.) DISH is unable to serve Jiemao and Street Cat through the Hague Convention without their addresses. *See VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-CV-00764-X, 2020 WL 2132677, at *2 (N.D. Tex. May 5, 2020) ("[T]he [Hague] Convention does not apply when 'the address of the person to be served with the document is not known'.") quoting *Convention Done at The Hague Nov. 15, 1965*, 20 U.S.T. 361, art. I (Feb. 10, 1969); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 19-CV-01167-JST, 2020 WL 5036085, at *8 (N.D. Cal. Aug. 19, 2020) (Identifying an exception to the Hague Convention when the defendant's address is unknown, in a case where the China Central Authority did not find the Chinese defendants at the addresses the plaintiff identified.)

Jiemao provided three responses to notices of infringement using the *superarabiptv@hotmail.com* email address. (*Id.* ¶ 7, Ex. 6; *see also* Dkt. 1 ¶¶ 25, 29.) Street Cat provided fourteen responses to notices of infringement using the *szstreetcat@foxmail.com* email address. (Ferguson Decl. ¶ 8, Ex. 7; *see also* Dkt. 1

3

¶¶ 30-32.) DISH should be authorized to serve Jiemao and Street Cat by email at *superarabiptv@hotmail.com* and *szstreetcat@foxmail.com*.

"Rule 4 permits service on foreign defendants 'by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents' *and* 'by other means not prohibited by international agreement, as the court orders.'" *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir.) (quoting Fed. R. Civ. P. 4(f)(1), (3)), *cert. denied*, 139 S. Ct. 480 (2018). "The Hague Convention . . . does not displace Rule 4(f)(3)." *Id.* at 498. Court-ordered email service under Rule 4(f)(3) is proper as long as it is not prohibited by international agreement. *Nagravision*, 882 F.3d at 498 (finding court-ordered email service on a Chinese company was proper); *see also Nabulsi v. Nahyan,* No. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007) ("The decision to allow alternative methods of service under Rule 4(f)(3) is committed to the court's sound discretion.")

Most courts authorize service by email provided that it: (1) is not prohibited by international agreement; and (2) comports with due process. *Nabulsi,* 2007 WL 2964817, at *4 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). Due process is satisfied if email service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Finally, some courts also require plaintiffs to show "that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile." *Id.* Serving Jiemao and Street Cat through the email addresses that they used to respond to

4

notices of infringement fits the necessities of this case and satisfies these requirements.

Serving Chinese defendants like Jiemao and Street Cat by email does not violate the Hague Convention or due process. "China's objection to service by postal mail does not cover service by email." *Sulzer Mixpac AG v. Medenstar Indus., Co. Ltd.,* No. 15 Civ. 1668 (JSR), 2015 WL 7687467, at *3 (S.D.N.Y. Nov. 27, 2015) (identifying several courts that have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email, and allowing plaintiff to serve Chinese defendant by email.) "Various courts have agreed that service by email is not prohibited by the Hague Convention." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC,* 291 F.R.D. 172, 175 (S.D. Ohio 2013) (citing cases and allowing plaintiff to serve Chinese defendants by email); *see also Chanel, Inc. v. Xu,* No. 2:09-cv-02610-cgc, 2010 WL 396357, at *5, n.4 (W.D. Tenn. Jan. 27, 2010) ("The Hague Convention does not affirmatively prohibit service via e-mail" and allowing plaintiff to serve Chinese defendants by email); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.,* No. 08-cv-2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) ("The Hague Convention does not prohibit service by e-mail or facsimile" and allowing plaintiff to serve Chinese defendants by email); *D.light Design, Inc. v. Boxin Solar Co., Ltd.,* No. 13-cv-05988-EMC, 2015 WL 7731781, at *3 (N.D. Cal. Dec. 1, 2015) (allowing plaintiff to serve Chinese defendants by email did not result in improper service posing and obstacle to default judgment).

In *Sulzer,* the plaintiff submitted its service packet to the Central Authority of China in March 2015. *Sulzer,* 2015 WL 7687467, at *1. In November 2015, the Central Authority informed the plaintiff that its service request was still pending. *Id.* The plaintiff then moved for leave to serve the Chinese defendant by an email address listed on the defendant's website. *Id.* The court granted the plaintiff's

request, noting that the defendant "presumably relies at least partially on contact through [the email address listed on its website] to conduct business, and it is reasonable to expect [the defendant] to learn of the suit against it through this email address." *Id.* at *3. Here is it is reasonable to expect Jiemao and Street Cat to learn of this suit against them through the email addresses they used to receive and respond to DISH's notices of copyright infringement. (Ferguson Decl. ¶¶ 7-8, Exs. 6-7.)

This Court has previously granted two similar motions filed by DISH authorizing email service on Chinese defendants that were not timely served through the China Central Authority. (*Id.* ¶ 9, Exs. 8-9). The Court should do the same in this case and allow DISH to serve Jiemao and Street Cat by email at the addresses they used to receive and respond to DISH's notices of copyright infringement.

### III. CONCLUSION

For the foregoing reasons, the Court should authorize DISH to serve Jiemao and Street Cat by email at *superarabiptv@hotmail.com* and *szstreetcat@foxmail.com*.

Dated: October 15, 2020             Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**