## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

DISH NETWORK L.L.C.,                    Civil Action No. 4:20-cv-01678
        Plaintiff

Vs.

YAHYA ALGHAFIR, TEXAS
COMMUNICATION &
TECHNOLOGY LLC, SHENZHEN
JIEMAO TECHNOLOGY CO., LTD.
and SHENZHEN STREET CAT
TECHNOLOGY CO., LTD.,
individually and together d/b/a Super
Arab IPTV,
            Defendants.


**Defendant Shenzhen Jiemao Technology Co. Ltd.'S Opposition to Plaintiff**

**Dish Network L.L.C.'S Combined Motion for Entry of Default and Default**

**Judgment Against Defendants. and A Motion to Dismiss The Case Due to**

**Expiration of The Statute of Limitations.**


**I-OPPOSITION TO Plaintiff Motion for Entry of Default Judgment.**

Defendant Shenzhen Jiemao Technology Co. Ltd.'S "Jiemao" filed a motion to

dismiss for lack of personal jurisdiction on November 6, 2020 after Jiemao was

served summons by email. (Dkt. 22.) Jiemao's motion to dismiss was denied on

1

May, 25,2021. The court did not order Jiemao to file an answer within 14 days as the Plaintiff suggested in his reasoning for requesting a default Judgment against Jiemao.

Jiemao is trying to appoint a USA attorney in Texas to be represented and to get the appropriate defenses during the trial on November/December 2021 according to RULE 16 SCHEDULING ORDER that the court entered on Dec/02/20.

The court should deny DISH's motion for Entry of Default for the following reasons:

 1- Jiemao replied to the case and is committed to defend itself and act in accordance with the court instructions. We are working hard to collect evidence and facts so we can use it to get the case dismissed.

2- Plaintiff DISH Network L.L.C.'s "Dish" has failed to meet its burden to prove its claim through admissible evidence. Any end user in the USA could download an application to access any of the so-called Protected Channels or Foreign Channels. All the Channels are already available free-to-air ("FTA") on the Internet.

3- Dish has not established rights or ownership of valid copyrights. Dish after more than ONE YEAR and hundreds of pages filed into the case has failed to enter into evidence any Declarations for the Foreign Network Representatives that own the

2

copyrights of the channels so they can support their alleged claim for exclusive rights over the channels. Moreover, Dish did not enter into evidence any contract that shows its purported exclusive right.

In actual fact **the reality confirms the contrary to Dish's claims** in regards to exclusive rights. All channels are already available "FTA" **through the Channels owners' website** on the Internet without the need for registration or payment in the USA and internationally. The links for live feeding program are available 24/7, for example:

a- Aljazeera network has all it is channels (3 channels) available for FREE in the USA Via the following link (https://www.aljazeera.net/live). (Exhibit 1)

b- Alarabiya network and all it is channels (3 channels) that are available for FREE in the USA Via the following link (https://www.alarabiya.net/live-stream ). (Exhibit 2)

c- MBC network and all it is channels (15 channels) that are available in the USA Via the following link (https://shahid.mbc.net/en/livestream ). (Exhibit 3)

d- MBC network promoting the download of "SHAHID" application that can be used with any phone or computer to watch all MBC channels, and all so-called Protected Channels in the Plaintiff list with a lot of other works including movies and TV series. (https://shahid.mbc.net/en/home ). (Exhibit 4)

5- All defendants on the plaintiff's claim must be served; it is not enough to serve one defendant only. Plaintiff has failed to meet its burden to properly **serve summons to** all the defendants except Jiemao.

Plaintiff exhibits shows that they used old out-of-date information from 2018 that would be the reason the service never happened for all the other defendants.

a-  SHENZHEN STREET CAT TECHNOLOGY CO., LTD.,

Plaintiff has failed to complete a proper **serve for summons.**

The email that Plaintiff used to serve the case is not a working email. We have provided the court previously with a document that shows emails cannot be delivered to (szstreetcat@foxmail.com) the email address wasn't found at the destination domain. (Exhibit 5)

Plaintiff included in the supporting documents for his motion "Exhibit 4 Document 31-7 Filed on 06/24/21 in TXSD Page 19 − 26 of 451" a full information for the Shenzhen Street Cat Technology Co., Ltd with a valid address and partner names BUT Plaintiff did not **Process service** to the defendant. Until today Plaintiff did not provide a confirmation receipt from the email server to show that the email was delivered as a proof of service,

and that the email was received by the defendant.  Plaintiff just filed a CERTIFICATE OF SERVICE that does NOT prove the service was done properly to a working email address, nor that it was received by the defendant.

b-  Texas Communication & Technology LLC. (TCT)

Plaintiff did not serve summons to defendant TCT address. After searching on the internet we found that the address entered by the plaintiff for TCT 5868 Westheimer Road, Suite 328 Houston, TX 77057 is not correct and shows a different company called (The UPS Store). (Exhibit 6)

c-  Yahya Alghafir.

Affidavit of Process Server (Document 9 Filed on 07/01/20 in TXSD Page 1 of 4) contain the following:

"I Gary F Hodges (PSC#10081) Substitute served Yahya Alghafir ….…..to a person residing therein who at least 18 years of age or older……….

Description of Person Accepting Service: ……Female…….... Middle Eastern……….Supplemental Data Appropriate to this Service: She didn't provide her name I placed the documents at her feet and walked away.

…………… On May 15, 2020 I arrived at the provided address and spoke to

5

the current resident Mr. Bustimonte who stated that he resided at the address

for "a long time" and not heard of the subject. ……. Further, on May 26,

2020 I was provided two photographs of the subject and was able to confirm

the individual who stated his name was Mr. Bustamonte was the subject

which we needed to serve. I have attached the photos received as an exhibit

1………."

The provided Affidavit of Process Server is not sufficient, improper,

inaccurate, and was not successfully delivered to the defendant. Examining

the Process Server Gary F Hodges statement illustrates the document was

not received by its intended recipients for the following reasons:

1- We have searched on the internet and found that the address provided to

the court by plaintiff for the defendant Yahya Alghafir is old and out-of-

date.

2- Process Server stated "Description of Person Accepting Service" so

according to Gary F Hodges that person accepted the Service. However,

the rest of the information contradicts that statement. So which part of the

affidavit is true and which one is false?

The Process Server left the documents with a Middle Eastern female at

her feet and walked away. What was the name of that female? Since she

is supposedly Middle Eastern, does she speak English? Did she refuse to
receive the summons?  Why leave the document at her feet and not give
it to her by hand? Why did she not provide her name?  Is she competent?
All those questions do not have answers.

3- Process Server stated that he "was provided two photographs of the
subject and was able to confirm the individual who stated his name was
Mr. Bustamonte was the subject which we needed to "serve"
Why did the Process Server not specify who provided the two
photographs? What is the source of the two photographs?
Finally the Process Server was somehow able to confirm the individual
was the subject even though he just saw him once and the two
photographs show two different persons, and without any information
about the source and the party who provided the two photographs.


Usually, Process Servers carry a body Cam so they can record the serving
events and take photographs of the subject to confirm or prove that they
properly serve defendants and the service was valid. In this case the
Process Server did not provide any photographs of the defendant that he
claimed he talked to in the first time or the female in his second attempts
to serve the summons.

All the above prove improper service to all the other defendants.

**Improper service means that the service never took place.**


**II. Dismiss the case Due to Expiration of the Statute of Limitations.**

Copyright infringement has a three-year statute of limitations. All of Plaintiffs'
Claims, are Barred by the Statute of Limitations for the following facts and
reasons:

1- Dish discovered the alleged infringement more than three years before
   filling the law suit. According to Plaintiff "Exhibit 2 Document 31-4 Filed
   on 06/24/21 in TXSD Page 1 of 6" Gregory Duval, purchased box on april ,
   the so-called Protected Channels were observed since May 8 2017.**( First
   Discovery date according to dish May 8. 2017)**

2- Declaration of Stephen M. Ferguson "Document 31-6 Filed on 06/24/21 in
   TXSD Page 4. Point 15." Stated that "copyright infringement notices that
   HNB sent to Defendants on behalf of DISH and members of the
   International Broadcaster Coalition Against Piracy between May 10, 2017
   and April 28, 2020." ( **First notice according to Stephen M. Ferguson
   May 10, 2017**)

3- Jiemao on May 11, 2017 replied to Stephen M. Ferguson email with the following:

"Please notice that we do not own the server or any of the broadcasting establishment. We are only rebranding and reselling the IPTV devices. After receiving your email, **we disabled the website www.iptvarab.com**. In addition, **we informed our customers in USA that we will not be able to resell any devices to USA.**" (Exhibit 7)

**All of the three dates (Discovery, First Notice, and stopping all activities related to STBs box) were more than three years old when the Plaintiff filed the lawsuit on May 13, 2020.**

4- Jiemao before May 11, 2017 sold STBs which were operated by end users for multiple Non-infringing uses and functions including internet access, browsing, e-mail, and other common applications available from the Google Play Store such as YouTube or Pandora.

5- Jiemao did not capture a broadcast signal, originate, copy, select nor provide any transmissions or content. Instead, third-parties were responsible for originating any allegedly infringing content available at through the URL links.

6- Jiemao sold the STBs box in good faith unaware of the alleged infringement. The fact that Jiemao immediately responded positively to attorney email at the very next day and stopped all activates related to STBs box was sufficient and very reasonable under the circumstances.

### III. Conclusion.

Plaintiff has obligations, in addition to filing suit within the limitations period, Plaintiff must also effect service of process on all the defendants within a reasonable period.  In this case after more than a year Plaintiff has failed to meet both, its burden to file suit before status of limitation expired, and to provide the required proper service to all the defendants.

WHEREFORE, the Defendant Respectfully Asks the Court to Deny Plaintiff Motion for Entry of Default and Default Judgment and Pray That The Court Dismiss The Case with Prejudice Due to The Expiration of The Statute of Limitations.

泽剐

Defendant, SHENZHEN JIEMAO TECHNOLOGY CO., LTD.
Ze Wang,
superarabiptv@hotmail.com
Room 505, Dongbian Building, Minzhi Street, Longhua New District, Shenzhen City, Guangdong Province, China

• A true and correct copy has been sent by email to the Plaintiff attorney Stephen Ferguson at stephen.ferguson@hnbllc.com

# Exhibit 1



# Exhibit 2



# Exhibit 3



# Exhibit 4







# Exhibit 5

10/29/2020                                          Mail - Ze Wang - Outlook

## Undeliverable: Dish network complaint against Super Arab iptv

Microsoft Outlook <postmaster@outlook.com>
Fri 2020-10-30 12:56 AM
**To:** szstreetcat <szstreetcat@foxmail.com>

📎 1 attachments (25 KB)
Dish network complaint against Super Arab iptv;

### newxmmxszb83.qq.com rejected your message to the following email addresses:

szstreetcat (szstreetcat@foxmail.com)
Your message couldn't be delivered. It appears that the email address you sent your message
to wasn't found at the destination domain, or the recipient's mailbox is unavailable. The email
address might be misspelled or it might not exist. Try to fix the problem by doing one or more of
the following:

- **Send the message again.** Before you do, delete and retype the complete address. If
  your email program automatically suggests an address to use don't select it.

- **Clear the recipient Auto-Complete List entry** in your email program by following the
  steps in this article. Then resend the message, but before you do, delete and retype the
  complete address. If your email program suggests an address to use don't select it.

- **Contact the recipient by some other means** (by phone, for example) to confirm you're
  using the right address. Ask them if they've set up an email forwarding rule that could be
  forwarding your message to an incorrect address.

If you're still unable to fix the problem, ask the recipient to tell their email admin about the
problem, and give them the server that reported the error below.

**For Email Admins**
When Office 365 tried to send the message, the external email server returned the error below.
This error was reported by an email server outside Office 365, and if the sender is unable to fix
the problem by correcting the recipient's email address or clearing the Auto-Complete List entry,
then it's likely a problem that only the recipient's email admin can fix.

- **Check the error for information about where the problem is happening.** For example,
  look for a domain name. The domain name will tell you which organization was
  responsible for the error. The recipient's email server could be causing the problem, or it
  could be due to a third-party service that your organization or the recipient's organization
  is using to process or filter email messages.

- **If you can't fix the problem, contact the responsible party's email admin.** This could
  be the recipient's email admin, your smart host service admin, or someone similar. Give
  them the error and the name of the server that reported the error to help them
  troubleshoot the issue.

Unfortunately, Office 365 support is unlikely to be able to help with these kinds of externally
reported errors.

Mail - Ze Wang - Outlook

**newxmmxszb83.qq.com gave this error:**
**Remote server returned unknown recipient or mailbox unavailable -> 550 Mailbox unavailable or access denied**
**[MNCJv8/GQJC8G7d3a0t0T0L97X8WiwnWPacqz0lMWoyXpoK3eCO4oaXZjzEaDFCROg== IP: 40.92.21.92].**

**Diagnostic information for administrators:**

Generating server: MW2NAM12HT136.mail.protection.outlook.com

szstreetcat@foxmail.com
newxmmxszb83.qq.com
Remote Server returned '550 5.1.351 Remote server returned unknown recipient or mailbox unavailable -> 550 Mailbox unavailable or access denied
[MNCJv8/GQJC8G7d3a0t0T0L97X8WiwnWPacqz0lMWoyXpoK3eCO4oaXZjzEaDFCROg== IP: 40.92.21.92].'

Original message headers:

ARC-Seal: i=1; a=rsa-sha256; s=arcselector9901; d=microsoft.com; cv=none;

b=QrdXxFNCNc8Tqo8Bq5NeZYcKdFGHLi8noRuIBz8od5RO1R91wScb/nawtgmruucikX1WeAAnuozvEBg+Wt5Q6llK+wHLRi/dOnEy
dYSLzNEsWzpmUwWzqNfZy5j2X7c52qGtkbFUbDdqSYbu9vTl+YkFjcGeUwgj5WSL+gniqwsjqtKAA6kf0QykRHcJCP6KDwfExjeVJQ
gHEGxa3YChYUxMmf1NyCsyPTvz+nWEDkq1Ok0CrEJepUyIORPmEX/rp9WUByU7NPp8ugH73P85y7uIIgiY8j1mSc9xP+NO7lTdo9bw
8kS44VVwMd8hH42PcusN+f9QM0zUBdLn2GwBtA==
ARC-Message-Signature: i=1; a=rsa-sha256; c=relaxed/relaxed; d=microsoft.com;
  s=arcselector9901;
  h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-SenderADCheck;
  bh=TDwVW9zOcfIHASRkFoi1KnVYlC+JX9ftYp494FBg6vo=;

b=dsoZj0slZKJ3opAW4MWvvsP2GQdiqir7ZZlDSaB1C+rTVjgANPJrykcLDmaHKPMoiRlrzp2k/gzgXzUJa2hU5Uz0AOuc5pmhiEOH
0tyHlVpmGy2Cu9kguAM3zgX8HzjAEE9K9e3s1Y5nerhnOVqONfsOkO0VM/LBMNk/IWMk+goWQCCCv8d4LH5G6x9c8j971I7opGyC6m
4ZxEx1Mt4675omFNnnQ3RjGv9wikD51fnkOP/aJWVh5+WWl0W6B32RZGVm5vX3UiKR3nDnvi/w2vWNTp34k6MnEHY2HKMycyQNmtGn
UqROL1FYATbqLsnrir+atwMaBAm5vp32LmwP/g==
ARC-Authentication-Results: i=1; mx.microsoft.com 1; spf=none; dmarc=none;
  dkim=none; arc=none
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=hotmail.com;
  s=selector1;
  h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-SenderADCheck;
  bh=TDwVW9zOcfIHASRkFoi1KnVYlC+JX9ftYp494FBg6vo=;

b=u/H13kU+6WydvIY927hmakt6vqfL5UwkJ4xGxsPv0/yVQoaVDFe6rJwH3sa9xBME571LlteK79dLgkZqcLTICW6xPo1klcnXDV1b
t1d2n7GbKp/TROqNZRDPBRLkPwXggHPiTqh4d0fGaFitvIbU/TMBjuE8icij+Fvivop2bhaiov152R+iShfYbYbtG7ldmJlLmvyZrD
5oM3X4NW0fkktd0qxI6veb08IlC1OCfR5Jfa6SrxTt6L+wVvmf9zlJtXUA3PsaOKT9T0CrvOk/CEAA6zsYG6yhIMot4odUg4/pAO1X
u/6R/eNvpxGZFmoNqJxxz/F3/pGzs49Bjm9GJg==
Received: from MW2NAM12FT042.eop-nam12.prod.protection.outlook.com
 (2a01:111:e400:fc65::42) by
 MW2NAM12HT136.eop-nam12.prod.protection.outlook.com (2a01:111:e400:fc65::422)
 with Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.3520.9; Fri, 30 Oct
 2020 03:56:09 +0000
Received: from SN6PR07MB4336.namprd07.prod.outlook.com
 (2a01:111:e400:fc65::44) by MW2NAM12FT042.mail.protection.outlook.com
 (2a01:111:e400:fc65::237) with Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.3541.7 via Frontend
 Transport; Fri, 30 Oct 2020 03:56:09 +0000

10/29/2020
Mail - Ze Wang - Outlook

X-IncomingTopHeaderMarker:
OriginalChecksum:ECB352E89C2C72C0786B7BFA0DCB7326F755895344BCE78AE676C3F0E1EBB9ED;UpperCasedChecksum:9
5F29A5F563BDBEAB2042040579034F00EE86FE6BF66F003613FD0279E81B68B;SizeAsReceived:8529;Count:47
Received: from SN6PR07MB4336.namprd07.prod.outlook.com
 ([fe80::7455:5c1f:87ca:7aaa]) by SN6PR07MB4336.namprd07.prod.outlook.com
 ([fe80::7455:5c1f:87ca:7aaa%7]) with mapi id 15.20.3499.018; Fri, 30 Oct 2020
 03:56:09 +0000
X-GUID: 962B5EB0-2FF8-3DBD-7430-66EB66CF2D0E
From: "=?utf-8?B?c3VwZXJhcmFiaXB0dkBob3RtYWlsLmNvbQ==?=" <superarabiptv@hotmail.com>
To: "=?utf-8?B?c3pzdHJlZXRjYXQ=?=" <szstreetcat@foxmail.com>
Subject: Dish network complaint against Super Arab iptv
Content-Type: text/html;
        charset="utf-8"
Content-Transfer-Encoding: base64
Date: Fri, 30 Oct 2020 11:56:02 +0800
Message-ID: <SN6PR07MB4336CFC4A399F170D3C52E14A5150@SN6PR07MB4336.namprd07.prod.outlook.com>
X-QQ-MIME: TCMime 1.0 by Tencent
X-Mailer: QQMail 2.x
X-QQ-Mailer: QQMail 2.x
X-TMN: [1XJJH7lrRn4Sd9h3+xaH0v0+2M1EtmgI]
X-ClientProxiedBy: HK2PR0401CA0008.apcprd04.prod.outlook.com
 (2603:1096:202:2::18) To SN6PR07MB4336.namprd07.prod.outlook.com
 (2603:10b6:805:56::13)
Return-Path: superarabiptv@hotmail.com
X-Microsoft-Original-Message-ID: <tencent_E693131A4D1249DEDD06CCBE@qq.com>
MIME-Version: 1.0
X-MS-Exchange-MessageSentRepresentingType: 1
Received: from Your-iPhone (203.205.250.33) by HK2PR0401CA0008.apcprd04.prod.outlook.com
 (2603:1096:202:2::18) with Microsoft SMTP Server (version=TLS1_2,
cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.3499.19 via Frontend Transport; Fri, 30 Oct
2020 03:56:06 +0000
X-MS-PublicTrafficType: Email
X-IncomingHeaderCount: 47
X-EOPAttributedMessage: 0
X-MS-Office365-Filtering-Correlation-Id: 69572855-40b4-4ef4-1f02-08d87c87bb1f
X-MS-TrafficTypeDiagnostic: MW2NAM12HT136:
X-Microsoft-Antispam: BCL:0;
X-Microsoft-Antispam-Message-Info:

ZvcGk970fqDasCNkseFI6MkKDQsZwbTEXKd9wbAXbVKn1SO1Ugv55mgQD+xuDomGAs5rAvhOAAIl7FBbX96WsDj1XWH/+7PYwJ4Geo
YBv8reCDWhZ6SHwNq/0uIo4Pqi2scNdpYGEPt7q5gizoF8ZNga5ymnAk8gA1UsFXlB090VYCGbUjUtNor40C0j2IkXatzgwpCil2Rn
Dv4MJAEvIA==
X-MS-Exchange-AntiSpam-MessageData:

RvDaAlF5zm99ZPkEGsbiDNW8E1gZJ4EDRlmudFw9+FQvK4+WlUFrk4Sjk/mCldpa+3LJZ2phEnXjvoXFoxnMK2cKSYF+8s2UcjYIgp
/vkX5EEaNblQnurK5cjMw++TyN+lVGfSbUDVlBX2zaPmjnrg==
X-OriginatorOrg: hotmail.com
X-MS-Exchange-CrossTenant-Network-Message-Id: 69572855-40b4-4ef4-1f02-08d87c87bb1f
X-MS-Exchange-CrossTenant-OriginalArrivalTime: 30 Oct 2020 03:56:09.5701
 (UTC)
X-MS-Exchange-CrossTenant-FromEntityHeader: Hosted
X-MS-Exchange-CrossTenant-Id: 84df9e7f-e9f6-40af-b435-aaaaaaaaaaaa
X-MS-Exchange-CrossTenant-AuthSource:
        MW2NAM12FT042.eop-nam12.prod.protection.outlook.com
X-MS-Exchange-CrossTenant-AuthAs: Anonymous
X-MS-Exchange-CrossTenant-FromEntityHeader: Internet
X-MS-Exchange-CrossTenant-RMS-PersistedConsumerOrg:
        00000000-0000-0000-0000-000000000000
X-MS-Exchange-Transport-CrossTenantHeadersStamped: MW2NAM12HT136

# Exhibit 6



# Exhibit 7

**Re: Notice of Unauthorized Distribution of IBCAP Members' Television Programming**

Roger Wong <superarabiptv@hotmail.com>
Thu 2017-05-11 2:33 AM

To:  stephen.ferguson <stephen.ferguson@hnbllc.com>

Dear Stephen M. Ferguson
Thank you for contacting us,
Please notice that we do not own the server or any of the broadcasting establishment. We are only rebranding and reselling the IPTV devices.
After receiving your email, we disabled the website www.iptvarab.com.
In addition, we informed our customers in USA that we will not be able to resell any devices to USA.
Reseller in USA should run out of devices within 2-3 weeks from now , that should stop all sales activity for SUPER ARAB IPTV in USA marketplace.
I hope this is a satisfactory resolution for you.
Sincerely,
Ze Wang
Shenzhen Jiemao Technology Co.,Ltd
Room 505, Dongbian Building, Minzhi Street, Longhua New District, Shenzhen City, Guangdong Province, China



**Name**
Stephen M. Ferguson
**Email**
stephen.ferguson@hnbllc.com
**Subject**
Notice of Unauthorized Distribution of IBCAP Members' Television Programming
**Message**
This law firm is legal counsel for the International Broadcaster Coalition Against Piracy ("IBCAP"). IBCAP represents companies including Al Jazeera Media Network, International Media Distribution, MBC FZ, and World Span Media Consulting ("Members"), which own or control exclusive rights under copyright to distribute the following channels: Ahly TV, Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Documentary, Al Jazeera English, Al Jazeera Mubasher, Al Nahar, Al Nahar Drama, Al Nahar Sports, Braem, Hekayat, Iqraa, Jeem, LBC, MBC 1, MBC 2, MBC 4, MBC Action, MBC Bollywood, MBC Drama, MBC Kids (MBC 3), MBC Masr, MBC Masr 2, MBC Max, MBC Pro Sports 1, MBC Pro Sports 2, MBC Pro Sports 3, MBC Pro Sports 4, Melody Classic, Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Noursat, and OTV ("Protected Content") in the United States. As such, Members own or control exclusive rights under copyright to distribute and publicly perform via broadcast or digital transmission a vast number of motion pictures and television programs in the United States. IBCAP is writing to demand that you take immediate steps to address the extensive copyright infringement of Members' Protected

Content that is occurring by virtue of your Super Arab IPTV service ("Service"). Such infringement is taking place via the following menu sections including, but by no means limited to: Ahly TV – Sports Al Arabiya – News Al Hayah 1 – Drama Al Jazeera Arabic News – News Al Jazeera Documentary – Drama Al Jazeera English – News Al Jazeera Mubasher – News Al Nahar – Drama Al Nahar Drama – Drama Al Nahar Sports – Drama Braem – Drama Hekayat – Drama Iqraa – Religion Jeem – Drama LBC – General MBC 1 – Drama MBC 2 – Drama MBC 4 – Drama MBC Action – Drama MBC Bollywood – Drama MBC Drama – Drama MBC Kids (MBC 3) – Drama MBC Masr – Drama MBC Masr 2 – Drama MBC Max – Drama MBC Pro Sports 1 – Sports MBC Pro Sports 2 – Sports MBC Pro Sports 3 – Sports MBC Pro Sports 4 – Sports Melody Classic – Drama Murr TV (MTV Lebanon) – General NBN – General New TV (Al Jadeed) – General Noursat – Religion OTV – General Under U.S. Copyright law, the operator of a website may be liable for copyright infringement where the website knowingly hosts, stores, indexes, transmits, retransmits, streams, publicly performs, and/or otherwise provides unauthorized access to infringing copies of motion pictures or television programs. This liability may be both direct and contributory in nature. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005); Arista Records LLC v. Usenet.com, Inc., 633 F. Supp. 2d 124, 155 (S.D.N.Y. 2009) (holding defendants liable for direct and contributory copyright infringement where defendants operated computers that stored and distributed infringing content); Playboy Enterprises, Inc. v. Webbworld, Inc., 991 F. Supp. 543, 551-553 (N.D. Tex. 1997), aff'd, 168 F.3d 486 (5th Cir. 1999) (unpublished) (holding the same); Columbia Pictures Indus., Inc. v. Fung, No. 06-5578, 2009 U.S. Dist. Lexis 122661, at *56 (C.D. Cal. Dec. 21, 2009) (holding defendants liable for inducement of infringement where they operated a website that provided access to copies of plaintiffs' works). Indeed, in Warner Bros. Entertainment Inc. v. Free-tv-video-online.info, Case No. CV 08-8484 (C.D. Cal. Feb. 1, 2010), a court granted summary judgment against the owner of an Internet website who knowingly provided links to infringing works that streamed from websites which host and store infringing content. Your copyright infringement can subject you to liability for substantial damages, along with attorneys' fees, costs, and a permanent injunction. See, e.g., Universal City Studios Prods. LLLP v. Movierumor.com, Case No. CV 08-4931 (C.D. Cal. Jun. 18, 2009) (approving request for damages in the amount of $150,000 per infringed work, for a total monetary award against the operator of a website in excess of $1.6 million). IBCAP hereby demands that you immediately cease and desist from using your Service to directly or indirectly cause, contribute to, enable, facilitate, aid, abet, induce, encourage, and/or participate in the infringement of the Members' rights in the Protected Content. In particular, we demand that you stop hosting, storing, indexing, providing access to, or in any way contributing to the infringement of the Members' Protected Content and that you ensure that the Protected Content does not appear on your Service in the future, unless you have obtained proper authorization from the respective copyright owner. Please contact us within 5 days to inform us that you have agreed to and are in compliance with the foregoing demands. We are providing this notice based on our good faith belief that the use of motion pictures and television programs owned by the Members in the manner

occurring via your Service is not authorized by the copyright owners, their agents, or the law. The information in this notification is accurate and, under penalty of perjury, we are authorized to act on behalf of the Members, which own or control exclusive rights under copyright that are being infringed in the manner described herein. This letter is without prejudice to the rights and remedies of the Members, all of which are expressly reserved. If you have any questions, please contact me at (713) 343-0478, or via email at stephen.ferguson@hnbllc.com. Sincerely, HAGAN NOLL & BOYLE LLC Stephen M. Ferguson Two Memorial City Plaza 820 Gessner, Suite 940 Houston, Texas 77024 T: (713) 343-0478 F: (713) 758-0146 stephen.ferguson@hnbllc.com

**Optin**

False

=