United States District Court
Southern District of Texas
**ENTERED**
November 28, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> YAHYA ALGHAFIR, TEXAS COMMUNICATION & TECHNOLOGY LLC, SHENZHEN JIEMAO TECHNOLOGY CO., LTD., and SHENZHEN STREET CAT TECHNOLOGY CO., LTD., individually and together d/b/a Super Arab IPTV, <br><br> Defendants. | Civil Action No. 4:20-cv-01678 |

**Final Judgment and Permanent Injunction**

This matter came before the Court on the Combined Motion for Entry of Default and Default Judgment filed by Plaintiff DISH Network L.L.C. ("DISH") against Defendants Shenzhen Street Cat Technology Co., Ltd. ("Street Cat"), Yahya Alghafir ("Alghafir"), Texas Communication & Technology LLC ("TCT"), and Shenzhen Jiemao Technology Co., Ltd. ("Jiemao," collectively, "Defendants").

Having considered the submissions in support of DISH's Motion, and the pleadings on file, the Court Grants the Motion, enters default, and finds:

DISH owns copyrights in the works that air on the following channels: Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, ART Cima, CBC, CBC Drama, Future TV, Hekayat, LBC, LBCI (a/k/a LDC), MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, and Melody Classic (collectively, the "Protected Channels").[1]

---

[1] DISH's exclusive rights as to the Protected Channels are currently in effect, with the exception of Al Jazeera Arabic News and Al Jazeera Mubasher in which DISH's

Street Cat owns and operates the Super Arab IPTV streaming television service. Defendants profit by selling Super Arab IPTV set-top boxes and account renewals that provide access to the Super Arab IPTV service including the Protected Channels.

Street Cat, without authorization from DISH, transmitted the Protected Channels and the copyrighted works that air on those channels to users of Defendants' Super Arab IPTV set-top boxes and account renewals in the United States. In doing so, Street Cat directly infringed DISH's exclusive rights to distribute and publicly perform the works that air on the Protected Channels. Judgment is hereby directed to be entered against Street Cat on Count I of DISH's Complaint (Dkt. 1) for direct copyright infringement.

Alghafir, TCT, and Jiemao induced and materially contributed to infringement of DISH's exclusive distribution and public performance rights by providing Super Arab IPTV users in the United States with access to the Protected Channels and the programs that make up the Protected Channels, despite having the ability to prevent such access. Alghafir, TCT, and Jiemao sell the Super Arab IPTV service in the United States, advertise the service as a means of accessing the Protected Channels, and the service provides users in the United States with access to the Protected Channels. Alghafir, TCT, and Jiemao's actions create or expand the audience for the infringement of DISH's exclusive distribution and public performance rights in the United States. Defendants had knowledge of the infringing

---

exclusive rights expired on July 31, 2020; and MBC1, MBC3, MBC Drama and MBC Kids (the "MBC channels") in which DISH's exclusive rights expired on September 23, 2020. DISH currently holds the non-exclusive license and right to distribute and publicly perform in the United States all programming aired on the MBC channels.

activity as shown by their receipt of numerous notices of infringement demanding that they cease transmitting or providing access to the Protected Channels, or otherwise cease distributing, selling, and promoting the Super Arab IPTV service in the United States.

Alghafir, TCT, and Jiemao are contributorily liable for copyright infringement because they served as the intermediary between third parties who directly infringe DISH's exclusive distribution and public performance rights and Super Arab IPTV users, who became a necessary component of the infringement – the audience. Judgment is hereby directed to be entered against Alghafir, TCT, and Jiemao on Count II of DISH's Complaint (Dkt. 1) for inducing and materially contributing to copyright infringement.

Based on these findings, the Court Orders:

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because DISH's claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. The Court has personal jurisdiction over Defendants. Alghafir is a Texas resident, and he was the president and director TCT, which was a Texas limited liability company until its entity status was forfeited. Street Cat and Jiemao are China limited liability companies. The Court previously found it has personal jurisdiction over Jiemao in denying its motion to dismiss. (Dkt. 29.) The Court has personal jurisdiction over Street Cat because it transmitted the Protected Channels to Super Arab IPTV service users throughout the United States, and sold Super Arab IPTV set-top boxes and account renewals to distributors and resellers in the United States.

3. DISH Network L.L.C. shall have judgment against Defendants, jointly and severally, in the total amount of $2,100,000, with interest on this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a). This amount consists of $150,000 for each the 14 registered, copyrighted works that DISH owns and that Defendants willfully and maliciously infringed by transmitting and providing access to without authorization on the Super Arab IPTV service;

4. Defendants and any of their officers, agents, servants, employees, attorneys, or other persons, including all dealers, distributors, and retailers of Super Arab IPTV set-top boxes and account renewals, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

    a. transmitting, streaming, distributing, or publicly performing in the United States, with any Super Arab IPTV set-top box, account renewal, or any other device, application, service, or process, any of the Al Arabiya, Al Hayah 1, ART Cima, CBC, CBC Drama, Future TV, Hekayat, LBC, LBCI (a/k/a LDC), and Melody Classic channels (the "Injunction Channels") or any of the programming that comprises any of the Injunction Channels;

    b. distributing, selling, providing, or promoting any product or service in the United States, including any Super Arab IPTV set-top box or account renewal, that comprises the whole or part of a network or service for the distribution and public performance of the Injunction Channels or any of the programming that comprises any of the Injunction Channels;

   c. advertising, displaying, or marketing any Super Arab IPTV set-top box, account renewal, or service in connection with the Injunction Channels or the programming that comprises the Injunction Channels;

   d. inducing or contributing to another's conduct that is prohibited by a-c above; and

   e. selling, leasing, licensing, assigning, conveying, distributing, loaning, encumbering, pledging, or otherwise transferring, whether or not for consideration or compensation, any part of Defendants' infringing operations.

  5. Non-parties providing any form of electronic storage, computer server, website hosting, file hosting (including data center and colocation, primary and backup storage, back-end), domain hosting, domain name registration, privacy protection for domain registration, anonymization for domain registration, proxy, content delivery network services, content acceleration (including traffic routing, bandwidth, content delivery networks ("CDN"), web content optimization, website/data security), advertising (including search based online advertising), social media services, and email services used in connection with any of the activities enjoined under Paragraph 4, and who receive actual notice of this Order, are enjoined from providing such services in connection with any of the activities enjoined under Paragraph 4.  This includes but is not limited to Neterra Ltd. disabling IP addresses 87.120.36.60; 87.120.36.145; 87.120.36.195; 87.120.36.196; and 87.120.36.198; Virtual Systems LLC (d/b/a Yurteh) disabling IP addresses 185.233.185.33; 185.233.185.90; and 185.233.185.92; Esecure Data Inc. disabling IP address 71.19.248.68; and all future service providers disabling all IP addresses

5

used to transmit any of the Injunction Channels on the Super Arab IPTV service. The IP addresses may be reassigned to other customers after they have been disabled and are no longer being used in connection with any of the activities enjoined under Paragraph 4.

6. VeriSign, Inc., China Internet Network Information Center ("CNNIC"), The Coordination Center for TLD .RU., and any other registry and registrars of the domain names *superarabiptv.com, iptvarab.com, superarabiptv.net, box001.cn, box001.ru, superaccount1.com,* and *tutanota.net*, within 48 hours of receiving this Order, shall (i) disable, implement a hold, or otherwise make the websites and any other content located at the domain names inaccessible to the public; (ii) transfer the domain names to DISH, including changing the registrar of record to the registrar selected by DISH at DISH's reasonable expense; and (iii) after the transfer, reenable the domain names and remove any hold so that DISH may fully control and use the domain names.

7. Registries and registrars shall disable, implement a hold, or otherwise make the websites and any other content located at the domain names inaccessible to the public on all future domain names used by Defendants (1) in the course of transmitting the Injunction Channels on the Super Arab IPTV service or other service in the United States, or (2) to distribute, provide, sell, or promote the Super Arab IPTV service or other service in the United States, within 48 hours of receiving this Order and a declaration from DISH or its agent stating that the domain names are being used in such a manner. Such domain names shall remain disabled and on

hold until further order of this Court, or until DISH provides written notice to the registry or registrar that the domain names shall be reenabled and any hold removed.

8. Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of Court.

9. The Court shall retain jurisdiction over this action for the purpose of enforcing this final judgment and permanent injunction.

It is so Ordered.

Signed on this 28th day of November, 2022.

*George C. Hanks, Jr.*
George C. Hanks, Jr.
United States District Judge